UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE J. R., an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 5:20-01774 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

I. **INTRODUCTION**

  Plaintiff Charlene J. R.[1] ("Plaintiff") challenges Defendant Kilolo Kijakazi[2], Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Complaint, and thus the docket caption, do not name the current Acting Commissioner. On July 9, 2021, Kijakazi became the Acting Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

of her application for supplemental social security income (SSI).  Plaintiff contends that the Administrative Law Judge ("ALJ") improperly considered the opinion of the psychological consultative examiner.  For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

II.     **PROCEEDINGS BELOW**

     A. **Procedural History**

Plaintiff filed an application for SSI on August 15, 2017, alleging a disability onset date of September 15, 2016.  (Administrative Record "AR" 325-29).  Plaintiff's claims were denied initially on February 15, 2018 (AR 250-55) and on reconsideration on May 10, 2018 (AR 256-62).  A hearing was held before ALJ Kathleen Fischer on July 8, 2019.  (AR 151-183).  Plaintiff, represented by counsel, appeared and testified at the hearing.  Also appearing and testifying at the hearing was vocational expert Elizabeth G. Brown-Ramos.  (Id.).

On September 5, 2019, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3]  (AR 25-46).  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on July 13, 2020.  (AR 1-7).  Plaintiff then filed this action in District Court on August 31, 2020, challenging the ALJ's decision.  [Docket "Dkt." No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A).

On May 3, 2021, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 15, 16]. The parties filed a Joint Stipulation on July 26, 2021. [Dkt. No. 17]. The case is ready for decision.[4]

**B. Summary of ALJ Decision After Hearing**

In the decision (AR 28-40), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. § 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since August 15, 2017, the application date. (AR 30). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) gastritis, status post multiple abdominal surgeries; (b) carpal tunnel syndrome in the right wrist with associated right distal neuropathy; (c) degenerative disc disease of the cervical spine, status post discectomy and fusion; (d) degenerative disc disease of the lumbar spine; (e) obesity; (f) bipolar disorder; (g) post-traumatic stress disorder (PTSD). (AR 30). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity

---

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (AR 31).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform a less than light exertional level of work as defined in 20 C.F.R. § 416.967(b)[7,] restricted by the following limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. No concentrated exposure to fumes, odors, dusts or gases. She cannot work at heights or around dangerous machinery. Additionally, she is limited to simple tasks. She can accept routine supervision and interaction with co-workers on a superficial basis. She can have no public contact.

(AR 33).

At **step four**, the ALJ found that Plaintiff is unable to perform her past relevant work. (AR 38). At **step five**, considering Plaintiff's age, education, work experience and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (AR 38). The ALJ accepted the

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).

[7] "Light work" is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

vocational expert's testimony that Plaintiff would be able to perform the representative occupations of: basket filler (DOT No. 529.687-010); garment bagger (DOT No. 920.687-018); and bench assembler (DOT No. 706.684-022). (AR 39). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 15, 2017, the date the application was filed. (AR 39).

### III. ANALYSIS

#### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ properly considered the psychological consultative examiner's opinion. [Dkt. No. 17 (Joint Stipulation), 5].

#### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole,

weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. The ALJ Adequately Assessed the Medical Opinions

Plaintiff contends that the ALJ failed to properly consider the opinion of the psychological consultative examiner, Mehrnoosh Rezapour, Psy.D. in that the ALJ failed to provide specific reasons for rejecting moderate limitations assessed by Dr. Rezapour. Defendant asserts that the ALJ appropriately weighed the medical opinions, including that of Dr. Rezapour, and stated sufficient reasons for doing so.

1.  Legal Standards At Issue

As Plaintiff filed her application for SSI on August 15, 2017, after March 27, 2017, the new regulations apply to the ALJ's evaluation of Plaintiff's claim.[8] The new regulations essentially remove the hierarchy of medical opinions (e.g., particularized procedures for consideration of opinions from treating sources). Instead, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes): (i) length of the treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; (v) examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 416.920c(a)-(c).

The ALJ must explain how he or she considered the factors of "supportability" and "consistency", which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). In other words, the ALJ is to explain how persuasive he or she finds a medical opinion and/or a prior administrative medical finding based on these two factors. Id. The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. § 416.920c(b)(3).

---

[8] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These rules became effective as of March 27, 2017.

2.      The ALJ Properly Assessed the Opinion of Dr. Rezapour

On January 30, 2018, Plaintiff attended a psychological consultative examination administered by Dr. Rezapour. Dr. Rezapour set forth his opinions in a report of the same date. (AR 1203-1208). The ALJ discussed the opinion of Dr. Rezapour as follows:

> On January 30, 2018, the claimant attended a psychological consultative examination administered by Mehrnoosh Rezapour, Psy.D. [AR 1203-1208]. She complained of symptoms of PTSD, severe anxiety, depression and severe bipolar disorder [AR 1204]. The claimant appeared to be extremely irritable and agitated. [AR 1206]. She was very aggressive, but was able was able to maintain good eye contact throughout the interview. Id. Her thought processes were linear and goal-directed and she exhibited no evidence of auditory or visual hallucinations. Id. She was alert and oriented and she was able to do serial threes, but not serial sevens. Id. Dr. Rezapour diagnosed the claimant with PTSD and bipolar disorder with psychotic features. [AR 1207]. *He opined that the claimant would have mild to moderate functional limitations.* [AR 1207-08].

(AR 36) (emphasis added).

Plaintiff states that the ALJ failed to provide reasons for not adopting Dr. Rezapour's opinion as to specific moderate functional limitations set forth in Dr. Rezapour's report. Plaintiff is mistaken that the ALJ was required to provide specific reasons as to why he did not adopt every particular opinion in Dr. Rezapour's report. Rather, the ALJ was required to consider the factors of "supportability" and "consistency" in determining the persuasiveness of a medical source's medical opinion. 20 C.F.R. § 416.920c(b)(2). The ALJ appropriately applied this standard here.

In setting forth her assessed mental RFC of Plaintiff, the ALJ stated that she had reviewed the opinions of Dr. Rezapour and the State agency mental medical consultants on initial review and on reconsideration. (AR 37).

> The opinions of all of these physicians are generally consistent in that they all assess the claimant is able to perform at least simple tasks with no public interaction and superficial contact with supervisors and coworkers. These opinions are all generally supported by the record as a whole, which gives consideration to the claimant's subjective complaints as well as the unremarkable mental status examinations and stable symptoms and treatment.

(AR 37).

The ALJ's decision also includes an analysis of Plaintiff's mental health records and findings. (AR 32-33, 36). As Defendant notes, Plaintiff does not dispute the ALJ's analysis of the mental health records and findings. The ALJ, as permitted by the new regulations, properly relied on Dr. Rezapour's opinion to the extent it was well-supported and consistent with other evidence in the record. 20 C.F.R. § 404.920c(a)-(c). The ALJ found persuasive that Dr. Rezapour's opinion was consistent with those of the State agency mental medical consultants on initial review and on reconsideration, in assessing Plaintiff's RFC for light work with a limitation to simple tasks, routine supervision and interaction with co-workers on a superficial basis and no public contact. (AR 33).

Thus, the ALJ did not reject the opinion of Dr. Rezapour as Plaintiff contends. However, the role of resolving inconsistencies in the medical records in assessing the RFC is the domain of the ALJ. Ryan, 528 F.3d at 1198. Here, the ALJ explained what evidence supported his mental RFC assessment of Plaintiff. (AR 32-33, 36-37).

Plaintiff apparently disagrees with how the ALJ evaluated Dr. Rezapour's opinion and translated it into concrete work restrictions found in Plaintiff's RFC. This is exactly within the purview of the ALJ, however. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174-76 (9th Cir. 2008) (noting that is it up to the ALJ to translate a claimant's impairments into work related functions and determine Plaintiff's RFC). Although

Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision.  See Ryan, 528 F.3d at 1198 ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."); Tommasetti v. Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

Indeed, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted).  Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012.  The Court finds no error by the ALJ in this regard.

### IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice.  Judgment shall be entered accordingly.

DATE: October 29, 2021

                /s/ Autumn D. Spaeth
        THE HONORABLE AUTUMN D. SPAETH
        United States Magistrate Judge